IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOSEPH A. AVILA-VEGA,  )
    Petitioner, )
 )
v. ) No. 3:17-CV-962-D
 )
LORIE DAVIS, Director, TDCJ-CID, )
    Respondent. )

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

I.

Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. He challenges his conviction for three counts of felony intoxication assault. *State of Texas v. Joseph A. Avila-Vega*, F50546 (249th Dist. Ct., Johnson County, Sept. 2, 2016). The court sentenced him to seven years in prison on each count, to run concurrently. He did not file an appeal, and did not file a state petition for writ of habeas corpus.

On March 5, 2017, Petitioner filed the instant § 2254 petition. He argues:

1.    He received ineffective assistance of counsel;

2.    His counsel forced him to plead guilty; and

3.    The judgment was improperly dated and signed by two different judges, and he was not present when the "paperwork" was signed.

On August 11, 2017, Respondent filed her answer arguing, *inter alia*, that the petition should be dismissed for failure to exhaust state remedies. Plaintiff did not file a reply.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

In this case, Petitioner did not file a direct appeal and did not file a state habeas petition. Consequently, the Court of Criminal Appeals has not reviewed Petitioner's claims and the claims are unexhausted.

III.

The Court recommends that the district court dismiss the petition without prejudice for failure to exhaust state court remedies.

Signed this 13 day of October, 2017.

_____
PAUL D. STICKNEY
UNITES STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).